EXHIBIT "B"

Appendix XII-B1



# CIVIL CASE INFORMATION STATEMENT
## (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under Rule 4:5-1.
**Pleadings will be rejected for filing, under Rule 1:5-6(c), if information above the black bar is not completed or if attorney's signature is not affixed.**

| FOR USE BY CLERK'S OFFICE ONLY | |
|---|---|
| PAYMENT TYPE: | ☐ CK ☐ CG ☐ CA |
| CHG/CK NO. | |
| AMOUNT: | |
| OVERPAYMENT: | |
| BATCH NUMBER | |

| ATTORNEY/PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| Robyn J. Leader | (973) 912-9501 | Hudson |
| **FIRM NAME** (If applicable) | | **DOCKET NUMBER** (When available) |
| Lester Schwab Katz & Dwyer, LLP | | HUD-L-1146-17 |
| **OFFICE ADDRESS** | | **DOCUMENT TYPE** (See reverse side for listing) |
| 500 Frank W. Burr Blvd. 5th Floor, Suite 31 Teaneck, New Jersey 07666 | | Answer |
| | | **JURY DEMAND** ☒ YES ☐ NO |

| NAME OF PARTY (e.g. John Doe, Plaintiff) | CAPTION |
|---|---|
| LAND AIR EXPRESS,NE,LTD; and ERIC J. FOSTER | VICTOR GUTIERREZ and MARTA AGURTO v. LAND AIR EXPRESS,NE,LTD; ERIC J. FOSTER and FARMERS INSURANCE COMPANY |

| CASE TYPE NUMBER (See reverse side for listing) | HURRICANE SANDY RELATED? | IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ☒ NO |
|---|---|---|
| 603N | ☐ YES ☒ NO | IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT |

| RELATED CASES PENDING? ☐ YES ☒ NO | IF YES, LIST DOCKET NUMBERS |
|---|---|
| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☐ YES ☒ NO | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY, IF KNOWN ☐ NONE ☐ UNKNOWN |

**THE INFORMATION PROVIDED BELOW CANNOT BE INTRODUCED INTO EVIDENCE**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT PAST OR RECURRENT RELATIONSHIP? ☐ YES ☒ NO | IF YES, IS THAT RELATIONSHIP | ☐ EMPLOYER-EMPLOYEE ☐ FAMILIAL | ☐ FRIEND/NEIGHBOR ☐ BUSINESS | ☐ OTHER (explain) |
|---|---|---|---|---|

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? | ☐ YES ☒ NO |
|---|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION:

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐ YES ☒ NO | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION: |
|---|---|
| WILL AN INTERPRETER BE NEEDED? ☒ YES ☐ NO | IF YES, FOR WHAT LANGUAGE: Spanish |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

ATTORNEY SIGNATURE: *[signature]*

Effective 06-06-2017, CN 10517-English

Page 1 of 2

**SIDE 2**



# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under Rule 4:5-1

CASE TYPES (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track I – 150 days' discovery
| | |
|---|---|
| 151 | NAME CHANGE |
| 175 | FORFEITURE |
| 302 | TENANCY |
| 399 | REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction) |
| 502 | BOOK ACCOUNT (debt collection matters only) |
| 505 | OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS) |
| 506 | PIP COVERAGE |
| 510 | UM or UIM CLAIM |
| 511 | ACTION ON NEGOTIABLE INSTRUMENT |
| 512 | LEMON LAW |
| 801 | SUMMARY ACTION |
| 802 | OPEN PUBLIC RECORDS ACT (SUMMARY ACTION) |
| 999 | OTHER (Briefly describe nature of action) |

### Track II – 300 days' discovery
| | |
|---|---|
| 305 | CONSTRUCTION |
| 509 | EMPLOYMENT (other than CEPA or LAD) |
| 599 | CONTRACT/COMMERCIAL TRANSACTION |
| 603N | AUTO NEGLIGENCE – PERSONAL INJURY (Non-Verbal Threshold) |
| 603Y | AUTO NEGLIGENCE – PERSONAL INJURY (Verbal Threshold) |
| 605 | PERSONAL INJURY |
| 610 | AUTO NEGLIGENCE – PROPERTY DAMAGE |
| 621 | UM and UIM CLAIM (Includes Bodily Injury) |
| 699 | TORT – OTHER |

### Track III – 450 days' discovery
| | |
|---|---|
| 005 | CIVIL RIGHTS |
| 301 | CONDEMNATION |
| 602 | ASSAULT AND BATTERY |
| 604 | MEDICAL MALPRACTICE |
| 606 | PRODUCT LIABILITY |
| 607 | PROFESSIONAL MALPRACTICE |
| 608 | TOXIC TORT |
| 609 | DEFAMATION |
| 616 | WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES |
| 617 | INVERSE CONDEMNATION |
| 618 | LAW AGAINST DISCRIMINATION (LAD) CASES |

### Track IV – Active Case Management by Individual Judge / 450 days' discovery
| | |
|---|---|
| 156 | ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION |
| 303 | MT. LAUREL |
| 508 | COMPLEX COMMERCIAL |
| 513 | COMPLEX CONSTRUCTION |
| 514 | INSURANCE FRAUD |
| 620 | FALSE CLAIMS ACT |
| 701 | ACTIONS IN LIEU OF PREROGATIVE WRITS |

### Multicounty Litigation (Track IV)
| | | | | |
|---|---|---|---|---|
| 271 | ACCUTANE/ISOTRETINOIN | 290 | POMPTON LAKES ENVIRONMENTAL LITIGATION |
| 274 | RISPERDAL/SEROQUEL/ZYPREXA | 291 | PELVIC MESH/GYNECARE |
| 278 | ZOMETA/AREDIA | 292 | PELVIC MESH/BARD |
| 279 | GADOLINIUM | 293 | DEPUY ASR HIP IMPLANT LITIGATION |
| 281 | BRISTOL-MYERS SQUIBB ENVIRONMENTAL | 295 | ALLODERM REGENERATIVE TISSUE MATRIX |
| 282 | FOSAMAX | 296 | STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS |
| 285 | STRYKER TRIDENT HIP IMPLANTS | 297 | MIRENA CONTRACEPTIVE DEVICE |
| 286 | LEVAQUIN | 299 | OLMESARTAN MEDOXOMIL MEDICATIONS/BENICAR |
| 287 | YAZ/YASMINOCELLA | 300 | TALC-BASED BODY POWDERS |
| 288 | PRUDENTIAL TORT LITIGATION | 601 | ASBESTOS |
| 289 | REGLAN | 623 | PROPECIA |
| | | 624 | STRYKER LFIT CoCr V40 FEMORAL HEADS |

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics."

Please check off each applicable category: ☐ Putative Class Action ☐ Title 59

LSK&D #: 630-0035 /4840-6791-3290

## Client Reference No.: 00630-0035
## Attorney Collateral Account No. : 140641

Robyn J. Leader, Esq.
NJ Attorney ID# 020932000
LESTER SCHWAB KATZ & DWYER, LLP
500 Frank W. Burr Blvd., 5th Floor, Suite 31
Teaneck, New Jersey 07666
(973) 912-9501
Attorneys for Defendants
LAND AIR EXPRESS OF NEW ENGLAND LTD. s/h/a
LAND AIR EXPRESS,NE,LTD; and ERIC J. FOSTER

-----------------------------------------------------------------X

| | |
|---|---|
| VICTOR GUTIERREZ and MARTA AGURTO his wife | **SUPERIOR COURT OF NEW JERSEY** **LAW DIVISION: HUDSON COUNTY** |
| Plaintiff, | **Docket No.: HUD-L-1146-17** |
| vs. | |
| LAND AIR EXPRESS,NE,LTD; ERIC J. FOSTER and FARMERS INSURANCE COMPANY | **ANSWER, SEPARATE DEFENSES, DEMAND FOR ALLOCATION, DEMAND FOR STATEMENT OF DAMAGES AND JURY DEMAND** |
| Defendant. | |

-----------------------------------------------------------------X

TO:

MICHAEL C. KAZER, ESQUIRE
69 Washburn Street
Jersey City, New Jersey  07306
(201) 792-9766
Attorneys for Plaintiffs

Defendants, LAND AIR EXPRESS OF NEW ENGLAND LTD. s/h/a LAND AIR EXPRESS,NE,LTD; and ERIC J. FOSTER, by their attorneys, Lester Schwab Katz & Dwyer, LLP, by way of an Answer to the Complaint of plaintiff, respectfully state and allege:

## ANSWERING THE FIRST COUNT

1. Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "1" of the Complaint.

2. Denies in the form alleged each and every allegation contained in paragraph "2" of the Complaint except admits that defendant ERIC J. FOSTER operated a motor vehicle owned by defendant LAND AIR EXPRESS OF NEW ENGLAND LTD. on April 14, 2015 in Carlstadt, New Jersey.

3. Admits the allegations contained in paragraph "3" of the Complaint.

4. Denies each and every allegation contained in paragraphs "4" and "5" of the Complaint.

## ANSWERING THE SECOND COUNT

5. Repeats and reiterates each and every denial hereinbefore made with the same force and effect as though the same were set forth at length herein in answer to paragraph "1" of the Complaint.

6. Denies each and every allegation contained in paragraph "2" of the Complaint.

## ANSWERING THE THIRD COUNT

7. Repeats and reiterates each and every denial hereinbefore made with the same force and effect as though the same were set forth at length herein in answer to paragraph "1" of the Complaint.

8. Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "2," "3," "4" and "5" of the Complaint.

## AS AND FOR A FIRST SEPARATE DEFENSE

That plaintiff has failed to mitigate his damages by not availing himself of the benefits of The Patient Protection and Affordable Care Act (Public Law 111-148) and The Health Care and Education Affordability Reconciliation Act (Public Law 111-152), which would permit him to obtain all necessary health care required to treat, remediate and/or resolve all of his claimed accident-related injuries and sequelae.

Therefore, plaintiff's claims for future medical care must be dismissed.

## AS AND FOR A SECOND SEPARATE DEFENSE

That by entering into the activity in which each plaintiff was engaged at the time of the occurrence set forth in the Complaint, each plaintiff knew the hazards thereof and the inherent risks incident thereto and had full knowledge of the dangers thereof; that whatever injuries and damages were sustained by the plaintiffs herein as alleged in the Complaint arose from and were caused by reason of such risks voluntarily undertaken by plaintiff in their activities and such risks were assumed and accepted by them in performing and engaging in said activities.

## AS AND FOR A THIRD SEPARATE DEFENSE

Plaintiff's action, and all causes of action in the Complaint, are barred by the applicable Statute of Limitations.

## AS AND FOR A FOURTH SEPARATE DEFENSE

The plaintiff was negligent in not wearing a seat belt at the time of the occurrence and under the applicable law may not recover damages for those injuries which plaintiff would not have received if a seat belt had been worn.

### AS AND FOR A FIFTH SEPARATE DEFENSE

That the defendants were not served in accordance with the provisions of the applicable rules of this Court and the Court, therefore, lacks jurisdiction over the entity of the defendants.

### AS AND FOR A SIXTH SEPARATE DEFENSE

In the event any plaintiff herein recovers a verdict for personal injury, the amount of such recovery should be reduced by any payment that plaintiff received under the medical payment provisions of any policy of automobile liability insurance.

### AS AND FOR A SEVENTH SEPARATE DEFENSE

The Complaint of the plaintiff fails to state a cause of action cognizable in law or equity against these answering defendants and the Complaint must therefore be dismissed.

### AS AND FOR AN EIGHTH SEPARATE DEFENSE

That if the plaintiff sustained the injuries complained of in the manner alleged, said injuries were caused by the negligence of parties over whom the answering defendants were not obligated to exercise supervision or control.

### AS AND FOR A NINTH SEPARATE DEFENSE

If plaintiff sustained any injuries or incurred any damages, the same were caused in whole or in part by the acts or omissions of persons other than this defendant, over whom they had no control, or by the superseding interventions of causes outside of their control.

### AS AND FOR A TENTH SEPARATE DEFENSE

The plaintiff did not sustain serious injury as defined by the Insurance Law of the State of New Jersey, and her exclusive remedy therefore is confined and limited to the benefits and provisions of the Insurance Law of the State of New Jersey.

### AS AND FOR AN ELEVENTH SEPARATE DEFENSE

Pursuant to NJSA 2A:15-97, plaintiff's recovery, if any, shall be reduced by, and the answering defendants will claim a credit for, all collateral source payments made to plaintiff in connection with any damages alleged in this action.

### AS AND FOR A TWELFTH SEPARATE DEFENSE

Answering defendants deny they are guilty of any negligence which was the proximate or producing cause of any injuries or damages allegedly sustained by plaintiff.

### AS AND FOR A THIRTEENTH SEPARATE DEFENSE

The accident and damages alleged were caused or contributed to by the negligence of plaintiff.

### AS AND FOR A FOURTEENTH SEPARATE DEFENSE

The negligence of plaintiff was greater than the negligence of the answering defendants, which negligence is denied, and such negligence of plaintiff was a substantial factor in causing the accident, personal injuries and damages about which plaintiff now complain, and therefore, plaintiff is barred from recovery in this matter by the terms and provisions of N.J.S.A. 2A:15-5.1, et seq.

### AS AND FOR A FIFTEENTH SEPARATE DEFENSE

While denying any negligence on the part of these answering defendants, should the negligence of plaintiff not be greater than that of said defendants, plaintiff's damages shall be diminished by the percentage of negligence attributable to plaintiff. N.J.S.A. 2A:15-5.1, et seq.

### AS AND FOR A SIXTEENTH SEPARATE DEFENSE

These answering defendants did not breach any duties allegedly owed to plaintiff.

### AS AND FOR A SEVENTEENTH SEPARATE DEFENSE

Plaintiff is guilty of comparative fault in voluntarily and unreasonably proceeding to encounter a known danger.

### AS AND FOR AN EIGHTEENTH SEPARATE DEFENSE

The alleged accident resulted in circumstances and conditions beyond the control of the answering defendants.

### AS AND FOR A NINTEENTH SEPARATE DEFENSE

The action is frivolous as to the responding defendants as per the provisions of N.J.S.A. 2A:15-59, et seq.

### AS AND FOR A TWENTIETH SEPARATE DEFENSE

The accident described in the Complaint did not result in a "serious injury" to plaintiff as so defined by the New Jersey Insurance Law, plaintiff has and had no right to institute, maintain or prosecute this action and is barred from doing so.

### AS AND FOR A TWENTY-FIRST SEPARATE DEFENSE

Defendants, LAND AIR EXPRESS OF NEW ENGLAND LTD. s/h/a LAND AIR EXPRESS,NE,LTD; and ERIC J. FOSTER performed each and every duty which they owed, if any, to the plaintiff.

### AS AND FOR A TWENTY-SECOND SEPARATE DEFENSE

Defendants violated no duty or obligation which they owed, if any, to the plaintiff.

### AS AND FOR A TWENTY-THIRD SEPARATE DEFENSE

Defendants are exempt from liability under the provisions of the New Jersey Automobile Reparations Reform Act, N.J.S.A. 39-:6A, et seq.

### AS AND FOR A TWENTY-FOURTH SEPARATE DEFENSE

This action is barred by and/or subject to the provisions of New Jersey Automobile Reparations Reform Act, N.J.S.A. 39-:6A, et seq.

### AS AND FOR A TWENTY-FIFTH SEPARATE DEFENSE

Plaintiff's claims are barred from recovery by reason of his negligence and/or contributory negligence.

### AS AND FOR A TWENTY-SIXTH SEPARATE DEFENSE

The damages, if any, sustained by the plaintiff is subject to diminution to the extent of his own contributory negligence.

### AS AND FOR A TWENTY-SEVENTH SEPARATE DEFENSE

Defendants were not properly served within the Rules provided.

### AS AND FOR A TWENTY-EIGHTH SEPARATE DEFENSE

Plaintiff's claims are subject to the deductions and limitations of provisions N.J.S.A. 39:6A-1, et seq., and are not cognizable by a jury unless there is a prior finding of compliance with the aforesaid statute.

### AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE

If plaintiff sustained any injuries or incurred any damages, the same were caused in whole or in part by the acts or omissions of persons other than this defendant, over whom they had no control, or by the superseding interventions of causes outside of their control.

### AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff failed to take reasonable measures to mitigate the damages allegedly suffered.

**WHEREFORE,** this answering defendant demands judgment dismissing the Complaint, together with the attorneys' fees, costs and disbursements of this action.

Dated:    Teaneck, New Jersey
          June 8, 2017

                              LESTER SCHWAB KATZ & DWYER, LLP
                              Attorneys for Defendants
                              LAND AIR EXPRESS OF NEW ENGLAND LTD.
                              s/h/a LAND AIR EXPRESS,NE,LTD; and ERIC J.
                              FOSTER

                              By: _____
                                  Robyn J. Leader

## DEMAND FOR ALLOCATION PURSUANT TO R. 4:7-5(C)

If any co-defendant settles prior to trial, this defendant will seek an allocation of the percentage of negligence and/or liability assessed by the fact finder against the settling defendant. This defendant will seek this allocation, whether or not they have formally filed a crossclaim against the settling defendant. This defendant may rely on the examination and cross-examination of expert witnesses at time of trial in support of this allocation. All counsel are hereby apprised pursuant to R. 4:7-5(c).

Dated:   Teaneck, New Jersey
         June 8, 2017

>                                    LESTER SCHWAB KATZ & DWYER, LLP
>                                    Attorneys for Defendants
>                                    LAND AIR EXPRESS OF NEW ENGLAND LTD.
>                                    s/h/a LAND AIR EXPRESS,NE,LTD; and ERIC J.
>                                    FOSTER
>
>                                    By: _____
>                                        Robyn J. Leader

## DEMAND FOR STATEMENT OF DAMAGES

Pursuant to Rule 4:5-2, the answering defendant demands that plaintiff provide a written statement of damages claimed within five days.

Dated:   Teaneck, New Jersey
         June 8, 2017

>                                    LESTER SCHWAB KATZ & DWYER, LLP
>                                    Attorneys for Defendants
>                                    LAND AIR EXPRESS OF NEW ENGLAND LTD.
>                                    s/h/a LAND AIR EXPRESS,NE,LTD; and ERIC J.
>                                    FOSTER
>
>                                    By: _____
>                                        Robyn J. Leader

## JURY DEMAND

The answering defendant demands a trial by jury on all issues.

Dated:   Teaneck, New Jersey
         June 8, 2017

                                    LESTER SCHWAB KATZ & DWYER, LLP
                                    Attorneys for Defendants
                                    LAND AIR EXPRESS OF NEW ENGLAND LTD.
                                    s/h/a LAND AIR EXPRESS,NE,LTD; and ERIC J.
                                    FOSTER

                                    By: _____
                                                    Robyn J. Leader

## CERTIFICATION PURSUANT TO R.4:5-1

1.    The undersigned certifies that the matter in controversy is not the subject of any other action pending in any court, and is not the subject of any pending arbitration proceeding.

2.    The undersigned further certifies that it has no knowledge of any contemplated action or arbitration proceeding which involves the subject matter of this action, and it is not presently aware of any other parties who should be joined in this action.

Dated:   Teaneck, New Jersey
         June 8, 2017

                                    LESTER SCHWAB KATZ & DWYER, LLP
                                    Attorneys for Defendants
                                    LAND AIR EXPRESS OF NEW ENGLAND LTD.
                                    s/h/a LAND AIR EXPRESS,NE,LTD; and ERIC J.
                                    FOSTER

                                  By: _____
                                            Robyn J. Leader

**CERTIFICATION PURSUANT TO R. 4:6-1(D)**

The undersigned certifies that the Answer was served and filed within the time allowed by R. 4:6-1.

Dated:   Teaneck, New Jersey
         June 8, 2017

                                    LESTER SCHWAB KATZ & DWYER, LLP
                                    Attorneys for Defendants
                                    LAND AIR EXPRESS OF NEW ENGLAND LTD.
                                    s/h/a LAND AIR EXPRESS,NE,LTD; and ERIC J.
                                    FOSTER

                                    By: _____
                                            Robyn J. Leader


**DESIGNATION OF TRIAL COUNSEL**

Pursuant to Rule 4:25-4, FELICE J. COTIGNOLA is designated as trial counsel.

Dated:   Teaneck, New Jersey
         June 8, 2017

                                    LESTER SCHWAB KATZ & DWYER, LLP
                                    Attorneys for Defendants
                                    LAND AIR EXPRESS OF NEW ENGLAND LTD.
                                    s/h/a LAND AIR EXPRESS,NE,LTD; and ERIC J.
                                    FOSTER

                                    By: _____
                                            Robyn J. Leader

LSK&D #: 630-0035 /4840-6791-3290
LESTER SCHWAB KATZ & DWYER, LLP
500 Frank W. Burr Blvd., 5th Floor, Suite 31
Teaneck, New Jersey 07666
(973) 912-9501
Attorneys for Defendants
LAND AIR EXPRESS OF NEW ENGLAND LTD. s/h/a
LAND AIR EXPRESS,NE,LTD; and ERIC J. FOSTER

---------------------------------------------------------------x

| | |
|---|---|
| VICTOR GUTIERREZ and MARTA AGURTO his wife | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: HUDSON COUNTY |
| Plaintiff, | Docket No.: HUD-L-1146-17 |
| vs. | ACKNOWLEDGEMENT OF SERVICE |
| LAND AIR EXPRESS,NE,LTD; ERIC J. FOSTER and FARMERS INSURANCE COMPANY | |
| Defendant. | |

---------------------------------------------------------------x

TO:

MICHAEL C. KAZER, ESQUIRE
69 Washburn Street
Jersey City, New Jersey 07306
(201) 792-9766
Attorneys for Plaintiffs

Counsel for the plaintiffs hereby acknowledge service of the Answer, Separate Defenses, Demand for Statement of Damages and Jury Demand and Notice of Deposition this ____ day of June, 2017.

 

                                                                                          _____
                                                                                          MICHAEL C. KAZER, ESQUIRE
                                                                                          Attorneys for Plaintiffs

LSK&D #: 630-0035 / 4840-6791-3290
LESTER SCHWAB KATZ & DWYER, LLP
500 Frank W. Burr Blvd., 5th Floor, Suite 31
Teaneck, New Jersey 07666
(973) 912-9501
Attorneys for Defendants
LAND AIR EXPRESS OF NEW ENGLAND LTD. s/h/a
LAND AIR EXPRESS,NE,LTD; and ERIC J. FOSTER

---------------------------------------------------------------X

| | |
|---|---|
| VICTOR GUTIERREZ and MARTA AGURTO his wife | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: HUDSON COUNTY |
| Plaintiff, | Docket No.: HUD-L-1146-17 |
| vs. | PROOF OF MAILING |
| LAND AIR EXPRESS,NE,LTD; ERIC J. FOSTER and FARMERS INSURANCE COMPANY | |
| Defendant. | |

---------------------------------------------------------------X

1. I, Robyn J. Leader, am of counsel to Lester Schwab Katz & Dwyer, LLP, attorneys for defendants, LAND AIR EXPRESS OF NEW ENGLAND LTD. s/h/a LAND AIR EXPRESS,NE,LTD; and ERIC J. FOSTER.

2. I hereby certify that I mailed a sealed envelope with postage pre-paid, by regular mail, addressed to:

>MICHAEL C. KAZER, ESQUIRE
>69 Washburn Street
>Jersey City, New Jersey 07306
>(201) 792-9766
>Attorneys for Plaintiff(s)

3. This envelope contained copies of our:

Answer, Separate Defenses, Demand for Statement of Damages and Jury Demand and Notice of Deposition of which the original was forwarded to the Clerk of the Superior Court.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated:   Teaneck, New Jersey
         June 8, 2017

/s/ Robyn J. Leader
Robyn J. Leader